AUSA: Timothy Ly

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **24 MAG 2471** |
| UNITED STATES OF AMERICA<br><br>             v.<br><br>KEANO SAHUSILIWANI,<br>   a/k/a "Chino,"<br>   a/k/a "Bhino,"<br>   a/k/a "Bhino Shots,"<br><br>                    Defendant. | **COMPLAINT**<br><br>Violations of 18 U.S.C. §§ 922(g)(1) and 2<br><br>COUNTY OF OFFENSE:<br>BRONX |

SOUTHERN DISTRICT OF NEW YORK, ss.:

   DANIEL CALLINAN, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
### (Armed Career Criminal in Possession of Ammunition)

   1.   On or about June 13, 2024, in the Southern District of New York and elsewhere, KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, six .25 Auto shell casings, and the ammunition was in and affecting commerce.

   2.   At the time of the offense, KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant, had three previous convictions in a court of a crime punishable by imprisonment for a term exceeding one year for violent felonies, committed on occasions different from one another, to wit, (i) a conviction on or about June 11, 2019 in Bronx County Supreme Court for Attempted Robbery in the First Degree, in violation of New York Penal Law §§ 160.15(3) and 110.00, committed on or about March 29, 2018; (ii) a conviction on or about June 11, 2019 in Bronx County Supreme Court for Attempted Robbery in the First Degree, in violation of New York Penal Law §§ 160.15(4) and 110.00, committed on or about March 31, 2018; and (iii) a conviction on or about June 11, 2019 in Bronx County Supreme Court for Attempted Robbery in the First Degree, in violation of New York Penal Law §§ 160.15(4) and 110.00, committed on or about January 5, 2019.

   (Title 18, United States Code, Sections 922(g)(1), 924(e), and 2.)

   The bases for my knowledge and for the foregoing charges are, in part, as follows:

   3.   I am a Detective with the NYPD, and I have been personally involved in the investigation of the charges described above. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement

officers, and my examination of reports, video, and other records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.     Based on my review of NYPD records (including, among other things, body-worn camera footage, property invoices, and photographs) and my conversations with other members of law enforcement, I have learned the following:

a.     On or about June 12, 2024, at or sometime shortly after approximately 11:55 p.m., law enforcement received a 911 call about a victim ("Victim-1") who had been shot at or around 152nd Street and Courtlandt Avenue in the Bronx, New York. When law enforcement arrived on the scene, Victim-1 stated that Victim-1 was hanging out on or near Courtlandt Avenue when Victim-1 heard gunfire and started running. Victim-1 then felt a burning sensation in their leg and realized that Victim-1 had been shot.

b.     Law enforcement recovered six .25 Auto shell casings near a white Honda sedan parked on the west side of Courtlandt Avenue near the intersection of 151st Street and Courtlandt Avenue.

5.     Based on my review of surveillance-camera footage, speed-camera footage, and my conversations with other law enforcement officers, I have learned the following:

a.     On or about June 12, 2024, at or about 11:51 p.m., an SUV drove south on Morris Avenue, stopped at or around 151st Street, did a U-turn, and parked on Morris Avenue. Less than approximately 20 seconds later, three individuals came from where the SUV had stopped: an unmasked individual wearing black pants, a grey hoodie with the word "CHAMPION" and a logo of a winged foot emblazoned on the front, and green shoes with a white midsole ("Shooter-1"), later identified as KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant; a masked individual wearing a black hoodie, black shoes, and black pants ("Shooter-2"); and a masked individual wearing a black hoodie, black shoes, and light-colored pants ("CC-1").

b.     At or about 11:56 p.m., the same three individuals—Shooter-1, Shooter-2, and CC-1—walked along East 151st Street, turned onto Courtlandt Avenue, and walked north on Courtlandt Avenue. Shooter-2 walked along the east sidewalk of Courtlandt Avenue, while the two others—CC-1 and Shooter-1—walked along the west sidewalk of Courtlandt Avenue.

c.     Coming from the opposite direction, an individual with long hair and red pants ("Victim-2") rode a bike in the middle of Courtlandt Avenue. As Shooter-1, Shooter-2, and CC-1 got closer to Victim-2, Shooter-1 pulled out a firearm, aimed the firearm in the direction of Victim-2, and—while stepping into the road near a white Honda sedan parked along the west side of Courtlandt Avenue—fired several shots at Victim-2. Very shortly after Shooter-1 began shooting, Shooter-2 pulled out a firearm, aimed it towards Victim-2, and fired at least one shot in the direction of Victim-2.

d. Victim-2 stumbled off the bike and ran away from Shooter-1, Shooter-2, and CC-1. Shooter-1, Shooter-2, and CC-1 ran west on East 151st Street, appeared to have gotten back into the SUV that was still parked on Morris Avenue, and drove away.

6. Based on my review of police records, I have learned that a detective reviewed a still shot (below left) taken from surveillance footage of Shooter-1 as he walked back to the SUV after the shooting. Based on his multiple prior encounters with KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant, the detective identified the individual depicted in the still shot as SAHUSILAWANI. Furthermore, based on my comparison of the same still shot and an arrest photograph of SAHUSILAWANI (below right), I believe that Shooter-1 is SAHUSILAWANI:




7. Based on my review of body-worn camera footage from a traffic stop of an SUV, I have learned that on or about June 12, 2024, at or about 10:24 p.m.—less than two hours before the shooting—KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant, was in the driver's seat of an SUV that was stopped by NYPD officers because the license plate on the SUV showed up as "surrendered" when law enforcement looked it up. During the traffic stop, SAHUSILAWANI was wearing the same "CHAMPION" hoodie that Shooter-1 wore at and around the time of the shooting described in paragraphs 4 and 5. (See still shot below)

 

8. Based on my review of license plate reader ("LPR") data, I have learned that on or about June 12, 2024, at or about 11:50 p.m.—approximately six minutes before the shooting and approximately 90 minutes after the traffic stop—an SUV with the same license plate number as the SUV from the traffic stop described in paragraph 7 was driving approximately two blocks north of the location where the shooting described in paragraphs 4 and 5 took place.

9. Based on my review of criminal history records for KEANO SAHUSILAWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," I have learned the following:

a. On or about April 4, 2018, SAHUSILAWANI was arrested on a number of robbery, firearm, and assault charges. On or about June 11, 2019, he was convicted in Bronx County Supreme Court of attempted robbery in the first degree (displays what appears to be a firearm), in violation of New York Penal Law §§ 160.15(4) and 110.00. On or about October 1, 2019, SAHUSILAWANI was sentenced principally to four years' imprisonment and five years' post-release supervision.

b. On or about April 25, 2018, SAHUSILAWANI was arrested on a weapons possession charge. On or about June 11, 2019, he was convicted in Bronx County Supreme Court of criminal possession of a firearm in the fourth degree, in violation of New York Penal Law § 265.01-B(1). On or about October 1, 2019, SAHUSILAWANI was sentenced to an indeterminate term of 16 months to 4 years' imprisonment.

c. On or about January 23, 2019, SAHUSILAWANI was arrested on a number of robbery, burglary, and assault charges. On or about June 11, 2019, he was convicted in Bronx County Supreme Court of attempted robbery in the first degree (displays what appears to be a firearm), in violation of New York Penal Law §§ 160.15(4) and 110.00. On or about October 1, 2019, SAHUSILAWANI was sentenced to four years' imprisonment and five years' post-release supervision.

d. On or about February 22, 2019, SAHUSILAWANI was arrested on a number of robbery charges. On or about June 11, 2019, he was convicted in Bronx County Supreme Court of attempted robbery in the first degree (use/threatens use of a dangerous instrument), in violation of New York Penal Law §§ 160.15(3) and 110.00. On or about October

1, 2019, SAHUSILAWANI was sentenced to four years' imprisonment and five years' post-release supervision.

10.     Based on my communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") who is familiar with the manufacturing of firearms and ammunition, I have learned that the six .25 Auto shell casings found near the intersection of 151st Street and Van Courtlandt were manufactured outside the State of New York.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of KEANO SAHUSILIWANI, a/k/a "Chino," a/k/a "Bhino," a/k/a "Bhino Shots," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_Daniel Callinan w/ permission_
DANIEL CALLINAN, Detective
New York City Police Department

Sworn to me through the transmission of this
Complaint by reliable electronic means (telephone), pursuant to
Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this
2nd day of July, 2024

_Katharine H Parker_
THE HONORABLE KATHARINE H. PARKER
United States Magistrate Judge
Southern District of New York

5